# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Robert E. Tucker,

                Plaintiff,        Case No. 19-12514

v.

                             Judith E. Levy
Devonte Brooks, *et al.*,        United States District Judge

              Defendants.    Mag. Judge Anthony P. Patti

_____/

## ORDER

Plaintiff Robert E. Tucker alleges that Defendants, Detroit Police Department Officers Devonte Brooks, Andrew Zynda, and C.D. Thomas, engaged in misconduct when Plaintiff was arrested on August 31, 2017 and then jailed at Detroit Detention Center. On May 16, 2022, the Court entered an opinion and order denying Defendants' motion for summary judgment. (ECF No. 49.) Within the May 16 opinion and order, the Court notified the parties that Plaintiff omitted several claims[1] from the

---

[1] In its most recent opinion and order, the Court observed that "the only complaint that contained claims for assault and battery and excessive force against Defendant Brooks was the original complaint in *Tucker I*[,]" which is not the operative complaint in this case. (ECF No. 49, PageID.321). Specifically, Plaintiff failed to include a state assault and battery claim, a state excessive force claim, and a federal excessive force claim in the operative complaint.

operative complaint that he included in previous complaints in this case, and that it intended to grant summary judgment on these claims absent a showing from the parties that the Court should allow these claims in the case.[2] (*Id.* at PageID.321–322.) The Court permitted Plaintiff to submit a brief by June 15, 2022. (*Id.* at PageID.324–325.) Plaintiff did not file a brief by the deadline, and still has not contacted the Court or otherwise indicated he intends to pursue these claims. Defendants have not filed a brief, either. For the reasons set forth below, the Court clarifies that a federal excessive force claim, a state law claim for assault and battery, and a state law claim for excessive force are not in issue in this case.

---

[2] Although it is not applicable at this juncture, the Court referenced Federal Rule of Civil Procedure 56(f) in giving notice of the discrepancy between the claims Plaintiff asserted in the operative complaint and the claims the parties referenced on summary judgment. Federal Rule of Civil Procedure 56(f) provides that the Court may, after giving notice and a reasonable time to respond, "(1) grant summary judgment for a nonmovant; (2) grant the motion on grounds not raised by a party; or (3) consider summary judgment on its own after identifying for the parties material facts that may not genuinely be in dispute." Fed. R. Civ. P. 56(f). However, courts cannot consider claims not raised in the operative pleadings. *See Heffner v. City of Warren*, No. 15-CV-13687, 2018 WL 1811469, at *6 n.2 (E.D. Mich. Apr. 17, 2018) (claims not asserted in the operative complaint could not be considered at summary judgment). Here, the Court cannot evaluate federal or state law claims for excessive force and state law claim for assault and battery because Plaintiff excluded these claims from his operative complaint and failed show cause that claims outside of the operative complaint are in issue in this case.

I. **Background**

The factual background is set forth in the opinion and order denying Defendants' motion for summary judgment and is adopted here.[3] (*Id.*)

II. **Analysis**

For the reasons set forth in the Court's Summary Judgment Order, the amended complaint in *Tucker II* is the operative complaint in this case because an amended complaint supersedes and replaces older versions. *See William Powell Co. v. Nat'l Indemnity Co.*, 18 F. 4th 856, n.6 (6th Cir. 2021). Although the parties filed a stipulation in which they agreed that a "claim[ ] of excessive force . . . under 42 USC 1983 as well as state law claims of gross negligence and assault/battery[ ]" remained against Brooks (No. 19-12514, ECF No. 44), a stipulation between parties is *not* a pleading. *See* Fed. R. Civ. P. 7(a). Because the last-filed amended complaint in *Tucker II*—the operative complaint in this case—lacks excessive force claims and an assault and battery claim against

---

[3] As in the previous opinion and order, the Court refers to Plaintiff's original filed as "*Tucker I*." (*See* No. 19-12514, ECF No. 1.) *Tucker I* included claims against four defendants: Brooks, Zynda, Thomas, and the City of Detroit. (*Id.*) Plaintiff filed a separate lawsuit involving the same facts, the same four defendants, and four new Defendants on October 11, 2019, which the Court refers to as "*Tucker II*." (*See* No. 19-12996, ECF No. 1.)

3

Defendants Brooks, these claims are not in issue in this case. (*See* No. 19-12996, ECF No. 39.)

The Court may only grant judgment on claims in issue in a case Here, the only complaint that contained claims for assault and battery and excessive force against Defendant Brooks was the original complaint in *Tucker I* (ECF No. 1, PageID.6–7), and there has been no showing whatsoever that the older complaint or claims within it could or should be revived. The Court cannot consider claims not asserted in the operative complaint. *Heffner v. City of Warren*, No. 15-CV-13687, 2018 WL 1811469, at *6 n.2 (E.D. Mich. Apr. 17, 2018). A district court has "broad discretion to manage its own docket[.]" *In re Auto. Parts Antitrust Litig., End-Payor Actions*, 33 F.4th 894, 905 (6th Cir. 2022) (citing *ACLU of Ky. v. McCreary County*, 607 F.3d 439, 451 (6th Cir. 2010). Therefore, to avoid confusion, the Court makes clear that the state assault and battery[4] and state and federal excessive force claims are not in issue in this case.

---

[4] Plaintiff failed to demonstrate that his state law claim of assault and battery against Defendant Brooks should be permitted in this case. Therefore, the Court need not address whether it can proceed with any other claim under Michigan law.

4

## III. Conclusion

Accordingly, Plaintiff's only remaining claims are for failure to provide medical care under 42 U.S.C. § 1983 against Defendants Brooks, Zynda, and Thomas, and gross negligence under Michigan law against Defendants Brooks, Zynda, and Thomas.

IT IS SO ORDERED.

Dated: July 18, 2022       s/Judith E. Levy
Ann Arbor, Michigan      JUDITH E. LEVY
     United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 18, 2022.

     s/William Barkholz
     WILLIAM BARKHOLZ
     Case Manager